UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NICOLAS MILLAN,

                Plaintiff,                      **ORDER**

    -against-                        **23-CV-3506 (RA) (JW)**

VEORIDE, INC.,

                Defendant.
------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

Before the Court are two motions. Plaintiff Nicolas Millan ("Plaintiff") seeks an order from this Court compelling defendant VeoRide, Inc. ("Defendant") to turn over additional discovery. The Plaintiff's motion to compel is **DENIED**. Plaintiff also seeks an extension to the current discovery deadlines. Plaintiff's request is **GRANTED** in part.

## BACKGROUND

The case concerns an incident that occurred on December 31, 2021. Dkt. No. 2, Ex. A. Plaintiff alleges that he suffered injuries from a stuck throttle while using Defendant's electric scooter. Id. The instant case was referred to this Court by Judge Abrams for assistance with general pre-trial matters. Dkt. No. 50. After several attempts to resolve the instant dispute without court intervention, the parties filed a joint letter to the Court seeking its assistance. Dkt. No. 63.

## LEGAL STANDARD

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

1

defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In determining what information is discoverable, a court "consider[s] the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Id. "[R]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Howard v. City of New York, No. 12-cv-933 (JMF), 2013 WL 174210, at *1 (S.D.N.Y., 2013); Fed. R. Civ. P. Rule 26(b)(1).

"The party seeking discovery has the initial burden of demonstrating relevance and proportionality." GMO Gamecenter USA, Inc. v. Whinstone US, Corp., No. 22-CV-5974 (JPC) (KHP), 2025 WL 722853, at *1 (S.D.N.Y. Mar. 5, 2025). The burden then shifts to the party resisting discovery to show undue burden (or a lack of proportionality). Id. Courts must determine "the burden or expense of proposed discovery" in a "realistic way." Id. (quoting Advisory Committee Note for 2015 Amendment to Rule 26.). The Court has "discretion to make a determination which is fair and equitable under all the relevant circumstances." See United States v. Prevezon Holdings, Ltd., 320 F.R.D. 112, 114 (S.D.N.Y., 2017).

## DISCUSSION

### I.   Motion to Compel

Central to the instant motion to compel, Plaintiff has made three requests to Defendant:

- Records of complaints about the scooters, instructions, mechanics, or any dangerous conditions for three years prior to the date of the incident (December 31, 2021) to the present.
- Records of prior similar incidents involving the same or similar scooter, whether in that location or elsewhere, including but not limited to any equipment malfunction or claim of throttle defect, for the three years prior to the date of the incident (December 31, 2021) to the present.
- Work orders, purchase orders, and invoices for maintenance, inspection, servicing, and/or repair of the product for the three years prior to the date of the incident (December 31, 2021) to the present.

Dkt. No. 63, at 1-2.

Plaintiff argues that his requests for discovery are necessary for several reasons. First, they relate "to the defendant's notice of a dangerous condition prior to the incident, one of the prongs of negligence." Id., at 2. Second, it relates to the "condition of the instrumentality that caused the incident at the time of the incident and prior to any modification, and to show that the condition was dangerous." Id. Third, the search should not be limited to specific markets, because Defendant could

be using the same scooters elsewhere or similar scooters with similar throttles. Id. Fourth, the search should not be limited to when Defendant confirmed a defect, as they have a pattern of denying that "there was any problem when a customer (including the plaintiff) made a founded complaint." Id., at 4.

Defendant makes several arguments as to why the Court should deny Plaintiff's request. First, they have been overly accommodating to Plaintiff's ever-expanding requests and have "more than met its discovery obligations in this case." Id., at 6-8. Among many other records concerning the scooter at issue, Defendant has provided Plaintiff the results of the "stuck throttle" search in their database with hits from the New York market from the time Defendant entered the market until the date of the incident, as that is what is relevant to his claim of "notice of a dangerous condition." Id., at 6. Plaintiff then asked for results for a different model of scooter, as well as design drawings and testing documents for that other scooter, which were all provided. Id. Plaintiff asked for an expanded search of all complaints and related work orders for throttles, brakes, and app problems for the scooter at issue where it is alleged that customer was injured, fell or lost control of the scooter. Id., at 7. That information was also provided. Id. Plaintiff asked for records from more markets, and Defendant agreed to provide records from an expanded area including the New Jersey and New Rochelle market. Id., at 7. Now Plaintiff is asking for any complaints from every market served by Defendant for a period of six years. Id.

Second, searching all of Defendant's markets across the country for "throttle, brake and application related complaints" would be overwhelming for Defendant. Id.,

4

at 8. This is because such search terms would generate a number of "hits" so large that their review to ensure responsiveness would be overwhelming and not proportional to the needs of the case. Id. Defendant is a small company with small number of employees who can review such results. Id. Additionally, it would not be proportional to the needs of the case because Plaintiff has testimony from Mr. Kao establishing that Defendant had the necessary "notice" that a throttle could get stuck. Id.

After considering the parties' arguments and the proportionality factors set in FRCP Rule 26(b)(1), the Court denies Plaintiff's motion to compel for several reasons. First, there is little evidence that Plaintiff's broad requests would yield information that is not duplicative or relevant to Plaintiff's claims. Fed. R. Civ. P. 26(b)(1); Howard, 2013 WL 174210, at *1. Defendant has provided Plaintiff results from the search of "stuck throttle," which is the focus of Plaintiff's allegations in the instant case. Dkt. No. 63, at 6. Defendant has already provided records from the time they entered the market until the date of the incident. Id.

Second, Plaintiff does not provide the Court with satisfying support for his ever-expanding requests. Plaintiff argues that the search terms should not be limited to instances when Defendant confirmed a defect because they have a history of denying problems with their scooters. Id., at 4. This amounts to a fishing expedition as Plaintiff provides no objective support for this claim. Id.; In re Bernard L. Madoff Inv. Sec. LLC, No. 13 CIV. 4332 (ALC), 2014 WL 1302660, at *7 (S.D.N.Y. Mar. 31, 2014) (Finding discovery "is not intended to be a fishing expedition, but rather is

5

meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support.").

Third, when considering "the parties resources," and "whether the burden or expense of the proposed discovery outweighs its likely benefit," the Court finds that Plaintiff's request would be unduly burdensome for Defendant. Fed. R. Civ. P. 26(b)(1). Although Defendant operates nationally, they are leanly staffed and reviewing the results from Plaintiff's proposed searches for responsive materials would overwhelm them. Dkt. No. 63, at 8. That "burden" would outweigh the "likely benefit[s]" of Plaintiff's request because Plaintiff has sufficient discovery for his claims.

## II.  Motion to Extend Discovery

Plaintiff also moves the Court or an extension to discovery to accommodate the additional productions Plaintiff sought to compel. The Court grants this request for an extension to accommodate the outstanding agreed-upon disclosures. Such as:

- The "search for brake and application complaints in the NYC market for the approximate four-month period previously searched,"

- "[T]he last known address of Dan Howe, as well as the maintenance, inspection, and repair records for the subject scooter for the three years prior to the date of the incident to the present to the extend not already done."

- The "records of all complaints, records of prior similar incidents, and related work orders for throttles, brakes, and app problems in Cosmo scooters for three years prior to the date of the incident, where it is alleged that the customer

was injured, fell or lost control of the scooter. The search will be for the Newark, New Brunswick, Highland Park, Rutgers University, and New Rochelle."

Id., at 3. The Court orders the following deadlines:

- Depositions are to be completed by August 15, 2025
- Fact discovery is to be completed by October 15, 2025
- Plaintiff's expert disclosures are to be completed by November 15, 2025
- Defendant's expert disclosures are to be completed by December 15, 2025
- Expert Discovery is to be completed by January 30, 2026

## CONCLUSION

For the aforementioned reasons, Plaintiff's motion to compel is **DENIED** and Plaintiff's motion to extend discovery is **GRANTED** in part. Plaintiff's request for further briefing is also **DENIED**.

SO ORDERED.

DATED:   New York, New York
         May 27, 2025

_Jennifer E. Willis_
JENNIFER E. WILLIS
United States Magistrate Judge

7